**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNIE FRANK JONES, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-1012-JMB |
| | ) | |
| TIM WARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the applications of self-represented plaintiffs Johnie Frank

Jones ("Jones"), Rozina Rhonda Jones Williams ("Ms. Williams"), J.E.W., IV ("J.E.W."), and

Maurice Campbell ("Campbell") to proceed in the district court without prepaying fees and costs.[1]

Having reviewed the applications and the financial information submitted in support, the Court will

grant the applications.  Additionally, for the reasons discussed below, the Court will dismiss without

prejudice all claims brought against defendants Joseph Wolf, Karen Schmitt, MK Property

Managements, LLC, Bank of New York Mellon Trust Company, N.A., St. Louis County Police

Department, Matthew Hearne, Mark Harder, Millsap & Singer, LLC, Reinker & Hamilton, Fenley,

LLC, Bonnie L. Clair, Charles Riske, the United States of America, and Robert E. Eggmann.  The

Court will dismiss without prejudice plaintiffs J.E.W. and Smite the Blight Community Church.

Finally, the Court will order plaintiffs Jones, Ms. Williams, and Campbell to file an amended

complaint.

---

[1] Maurice Campbell refers to Rozina Rhonda Jones Williams as Ms. Jones.  *See* Compl., ECF No.
1 at 5A-5H.  Rozina Rhonda Jones Williams refers to herself as Rozina Williams.  *See id.* at 5H-5L.
For clarity and ease of reference, the Court will refer to Rozina Rhonda Jones Williams as Ms.
Williams.  Ms. Williams is the daughter of Johnie F. Jones, the mother of J.E.W., IV, and the fiancée
of Maurice Campbell.

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d

at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Plaintiffs Jones, Ms. Williams, J.E.W., Campbell, and Smite the Blight Community Church bring this civil action arising out of an eviction that occurred on July 20, 2021, at 319 Wild Horse Canyon Drive in Wildwood, Missouri. In their complaint, plaintiffs allude to an underlying Missouri state court proceeding for unlawful detainer and an underlying bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of Missouri. Both the unlawful detainer proceeding and the bankruptcy proceeding are relevant to the issues alleged in the complaint. For this reason, the Court will briefly provide some background on those proceedings based on publicly available documents.[2]

On March 11, 2021, the Bank of New York Mellon Trust Company (the "Bank") filed a petition in unlawful detainer in Missouri state court against Adeluola Gbolahan Lipede,[3] Shawn Ann Forseth, and John Doe. *See Bank of New York Mellon v. Lipede*, No. 21SL-AC05837 (21st Jud. Cir. Mar. 11, 2021) ("unlawful detainer case"). In its petition, the Bank alleged it had the legal right of possession to the real property known as 319 Wild Horse Canyon Drive, Wildwood,

---

[2] Plaintiffs' underlying state court case was reviewed on Case.net, Missouri's online case management system, and the bankruptcy case was reviewed through the Public Access to Court Electronic Records, PACER. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[3] According to the United States Bankruptcy Court for the Eastern District of Missouri, Adeloula Gbolahan Lipede is also known as Johnie Frank Adeluola Lipede Jones, Johnie Frank Jones, Rhonda Rozina Jones Williams, and Rhonda Rozina Williams. *See In re: Johnie Frank Adeluola Lipede Jones*, No. 21-42104 (Bankr. E.D. Mo. 2021).

Missouri 63005.  The Bank had purchased the property on February 5, 2021, in connection with a

trustee's sale conducted pursuant to a deed of trust.  *Id.*

On May 26, 2021, in the unlawful detainer case, Ms. Williams filed a motion to set aside the

February 5, 2021 trustee's sale.  In the motion, Ms. Williams asserted that she was the "Trustee and

Possessor of Land and Title Aboriginal title of Ancestral Land situated in the County of St. Louis

and State of Missouri."  Ms. Williams signed an affidavit that she was the "adverse possessor" of

319 Wild Horse Canyon Drive.  The state court added Ms. Williams as a defendant to the unlawful

detainer case.  The Bank opposed Ms. Williams's motion to set aside, stating that it was frivolous

and without merit.  Before Ms. Williams's motion to set aside the sale could be heard, the Bank

filed a motion for a temporary restraining order ("TRO"), which would allow it to remove

defendants, including Ms. Williams, from the property.

On July 1, 2021, the Missouri state court issued a TRO in the unlawful detainer case.  The

TRO ordered, among other things, that defendants including Ms. Williams were not allowed on the

property at 319 Wild Horse Canyon Drive and that defendants and all associates "shall be removed

from the property . . . by the appropriate law enforcement personnel."

Meanwhile, on June 1, 2021, debtor Johnie Frank Adeluola Lipede Jones (a/k/a Johnie Frank

Jones, a/k/a Rhonda Rozina Jones Williams, d/b/a Smite the Blight Community) had filed a Chapter

7 Petition for Bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri.

*See In re: Johnie Frank Adeluola Lipede Jones*, No. 21-42104 (Bankr. E.D. Mo. 2021) ("Bankruptcy

Case").  In Part 4 of the bankruptcy petition, Jones reported that he had property located at 319 Wild

Horse Canyon, St. Louis, Missouri 63005 that needed immediate attention because "[i]t's under

Aboriginal Land title 8 U.S.C. § 1401(b) 23 Congress Sess 1 Ch. 161 1834 pg 733 St. Louis Record

of Deed 2016101400874 been in adverse possession since 2012."[4]  Pursuant to the bankruptcy law, the filing of this bankruptcy petition automatically stayed the underlying state court unlawful detainer case.

On July 7, 2021, MK Property Management, LLC and Reinker, Hamilton & Fenley LLC filed a motion for relief from the automatic stay in the bankruptcy court as to 319 Wild Horse Canyon Drive.  In that motion, the movants alleged that Ms. Williams and other unidentified associates had been squatting upon the property after its rightful owners absconded to Nigeria after they were indicted on six counts of federal narcotics charges.  *See* Bankruptcy Case at ECF No. 22. If granted, this motion for relief from the stay would allow the plaintiffs in the unlawful detainer case to enforce the TRO and remove Ms. Williams and the other individuals from 319 Wild Horse Canyon Drive.

On July 20, 2021, the bankruptcy court issued an order granting in part the motion for relief from automatic stay.  The order terminated the automatic stay provisions of the bankruptcy code and allowed movants to enforce their state law rights against Ms. Williams in the underlying unlawful detainer case.  That is, the bankruptcy court's order allowed movants to enforce the TRO and evict Ms. Williams and any other individuals from the property.  *See* Bankruptcy Case at ECF No. 55.

---

[4] According to the docket sheet in Jones's Chapter 7 bankruptcy proceeding, Jones had filed for bankruptcy four times prior to this filing in the United States Bankruptcy Court for the Eastern District of Missouri, see Case Nos. 12-49424, 13-50475, 15-40964, and 19-44555. *See In re: Johnie Frank Adeluola Lipede Jones*, No. 21-42104 (E.D. Mo. Bankr. 2021).

**The Complaint**

On August 12, 2021, plaintiffs Jones, Ms. Williams, J.E.W., Campbell, and Smite the Blight Community Church filed this civil action.[5]  Plaintiffs name as defendants the following sixteen individuals and entities:   Tim Ware; Steve DeGhelder; Unknown Brown; Joseph Wolf; Karen Schmitt; MK Property Managements, LLC; Bank of New York Mellon Trust Company, N.A; St. Louis County Police Department; Matthew Hearne; Mark Harder; Millsap & Singer, LLC; Reinker & Hamilton, Fenley, LLC; Bonnie L. Clair; Charles Riske; the United States of America; and Robert E. Eggmann.

According to the complaint, on July 20, 2021 between 10 a.m. and 11 a.m., police knocked on the front door of the residence at 319 Wildhorse Canyon Drive.[6]  Plaintiff Campbell was cooking breakfast, and walked to the front door asking, "Who is it?"  The police identified themselves and ordered Campbell to exit the residence through the rear doors with his hands up.  At this point, Campbell saw about six officers standing on the front steps with machine guns aimed at the front doors.  Campbell identified himself and told police that there was a veteran (Jones) and a thirteen-year-old boy (J.E.W.) in the house.  Before leaving the house, Campbell notified Jones and J.E.W. that the police were outside and were asking them to leave the house through the back door with their hands up.

Campbell left the house through the back door and lit a cigarette.  Officer Brown told Campbell to put his hands up.  While handcuffing Campbell, Officer Brown told him he was being detained until the police were able to get the other residents out of the house.  At some point, J.E.W.

---

[5] The first several pages of the complaint are written by Campbell.  *See* Compl., ECF No. 1 at 5A-5H.  The last four pages of the complaint are written by Ms. Williams.  *See id.* at 5H-5L.  All four individual plaintiffs appear to have resided at 319 Wild Horse Canyon Drive on July 20, 2021.

[6] Page 15 of the complaint mistakenly states this date as June 30, 2021.

followed the officers' instructions and left the house through the back door.  Officers Ware and Brown told Campbell and J.E.W. to sit in the chairs on the patio.  Upon questioning by Campbell, Officer Ware said that he had a TRO from the court and was at the house on behalf of the "rightful owner . . . to get anybody out who is in there."

Officer Ware directed Officer Brown and two other officers to search the house.  Campbell again told the officers that Jones was in the house, was seventy-seven years old, bed-ridden due to chronic obstructive pulmonary disease, and on supplemental oxygen therapy.  According to Campbell, the officers proceeded inside with machine guns.

Campbell states that at approximately this time a police helicopter appeared overhead.  The officers in the helicopter radioed to the officers on the ground, and Officer Ware radioed back stating the identity of the individuals on the back patio.  The helicopter then left.  An unnamed sergeant came to sit with Campbell and J.E.W. on the patio, and Officer Ware went inside the house to search.

After about twenty-five minutes, Campbell's friend came to pick up Campbell, J.E.W, and Jones.  Officer Ware removed Campbell's handcuffs.  Campbell and J.E.W. were allowed to go inside with the officers to grab some belongings and then an unnamed sergeant escorted them to their friend's truck.  Eventually the officers brought Jones out of the house in his wheelchair to the waiting truck of Campbell's friend.  As Campbell, J.E.W., and Jones were leaving with the family friend, they saw Ms. Williams and Officer Ware in the street talking.  Ms. Williams had not been at the residence when the police arrived.

Up to this point in the complaint, Campbell had been narrating the events from his point of view.  Then the handwriting on the complaint changes and Ms. Williams begins narrating from her point of view.  According to Ms. Williams, she received a call from her father (Jones) that police were at the house and were ordering him to leave.  Ms. Williams drove home and saw Officer Ware, a fire truck, and an ambulance.  Officer Ware told Ms. Williams that the rightful owner of the house

brought a TRO and that police were there to give the owners back their house.  Ms. Williams informed Officer Ware that the TRO had expired and was void.

Ms. Williams then drove to the back of the home and, unbeknownst to the officers, entered the home.  She went upstairs and began to "go live of Facebook to let people know what was happening."  At this point, she heard Karen Schmitt and her husband (presumably the owners of the house) walking through the house, opening doors and drawers and looking around.  According to Ms. Williams, Ms. Schmitt then took a call from her attorneys.  Ms. Jones overheard Ms. Schmitt's attorney say, "We have a mess who knew a juvenile would be involved and too bad a kid had to experience, but it's nothing we can't clean up.  So what [does] the house look like?"

Ms. Williams went back to live streaming on Facebook.  Then she called 911 "to let the police [know that] I have a break in, that someone is in my home roaming through my belongings and had broke[n] in."  Ms. Williams then saw Officer DeGhelder and his partner run up to the house. Ms. Williams hid under the bed.  The officers began searching the house for her, "looking in closets and breaking holes in walls looking for me tearing into the ceiling and vandalizing my home looking for me."  Eventually the officers found Ms. Williams hiding under the bed.

Officer DeGhelder pointed a taser at Ms. Williams, put her in handcuffs, and "dragged me out [of] my home with a taser aimed in my face."  Officers placed Ms. Williams in a patrol vehicle, shackled her feet, and took her to the St. Louis County police station.  The officers booked Ms. Williams on a 24-hour hold, apparently anticipating charging her with trespassing.  Ms. Williams states that once she was released, however, Officer DeGhelder gave her a ticket summons to report to "Wildwood police because the county failed to prosecute."  Ms. Williams alleges that these events amounted to an illegal arrest.

For relief, plaintiffs seek monetary damages of varying amounts.  Ms. Williams seeks $2.5 million; Campbell seeks $1.9 million; and J.E.W. seeks $3.5 million.  It is unclear what damages Jones seeks.

**Discussion**

Although the facts of the complaint are fairly straightforward, the complaint is legally complex in that five self-represented plaintiffs are attempting to bring unspecified claims against sixteen defendants.  The Court will determine first which plaintiffs may proceed pro se in this action.  It will then turn to the question of whether these plaintiffs have stated viable claims against the particular defendants.

(1)     Plaintiff J.E.W.

Based on the complaint, plaintiff J.E.W. is the minor son of Ms. Williams.  Minors cannot bring actions in federal court.  Likewise, non-attorney parents cannot litigate pro se on behalf of their minor children, even if the child cannot then bring the claim themselves.  *See Crozier for A.C. v. Westside Comm. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (citing cases).  Although courts recognize an exception in the context of Social Security cases brought by parents on behalf of a minor child, no exception to this rule has ever been recognized for a lawsuit such as this, which is based on § 1983 or general state tort law.  *Id.*  For this reason, the Court will dismiss all claims brought against defendants by plaintiff J.E.W.  These claims will be dismissed without prejudice to refiling by a licensed attorney.

(2)     Plaintiff Johnie F. Jones

Plaintiff Johnie F. Jones was present at the house during the eviction and he appears to have signed a duplicate last page of the complaint.  *See* Compl. at 28-29.  In the complaint, however, Jones makes no allegations against any defendants.  The complaint is drafted by Campbell and Ms. Williams.  Based on their narration of the events, the Court understands that Jones was present at

319 Wild Horse Canyon Drive and was led out of his residence by police officers on July 20, 2021.
Jones has made no allegations that any defendant violated any of his constitutional rights.  While
Ms. Williams asserts that officers "entered into my home pulling AR-15 rifles on my . . . 77 year
old veteran disabled dad," Ms. Williams cannot bring claims that are not her own.  *Miner v.
Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining that plaintiff did not have "standing to
assert" a constitutional claim on behalf of another person).  Plaintiff Jones must allege defendants
violated his rights and must allege a personal loss.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th
Cir. 1985); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and
conduct their own cases personally or by counsel ….").

Jones has alleged no wrong-doing against any defendants.  For this reason, to the extent
Jones is attempting to bring a complaint against defendants, the complaint is subject to dismissal.
Because Jones might be able to state plausible claims against the officers present at 319 Wild Horse
Canyon Drive, however, the Court will allow Jones the opportunity to file an amended complaint.
*See* Part 9, *infra*.

(3)      Plaintiff Smite the Blight Community Church

Although Smite the Blight Community Church is listed as a plaintiff in this action, this entity
makes no allegations against any defendants.  It is unclear from the complaint what role, if any,
Smite the Blight Community Church played in any of the allegations against defendants.
Additionally, an entity cannot proceed pro se and *in forma pauperis* in federal court.  As the Supreme
Court has held, artificial entities are not "persons" under 28 U.S.C. § 1915, and therefore cannot
proceed without prepaying fees and cost.  *See Rowland v. Cal. Men's Colony, Unit II Men's
Advisory Council*, 506 U.S. 194, 201-11 (1993).  For this reason, the Court will dismiss without
prejudice plaintiff Smite the Blight Community Church.

(4)     Claims Against Private Entities MK Property Managements, LLC; Bank of New York Mellon Trust Company, N.A.; Millsap & Singer, LLC; and Reinker & Hamilton, Fenley, LLC; and Private Individuals Joseph Wolf, Karen Schmitt, Charles Riske, and Robert Eggmann

Ms. Williams makes only one allegation against the private entities and individuals listed as defendants in the complaint:

> I was illegally arrested and evicted out of my home and my father Johnie F. Jones was violated by deadly force of Joseph Wolf using the color of the law to have AR 15 pulled on a disabled veteran and my 13-year-old son [J.E.W.] and my fiancé Maurice Campbell illegally handcuffed and violated by the City of Wildwood precinct and St. Louis County with the direction of MK Property Managements LLC, Karen Schmitt, Joseph Wolf, Mark Harder, the Bank of New York Mellon Trust Company, N.A., et al., Millsap & Singer, LLC, Reinker & Hamilton, Fenley, LLC, Matthew Hearde.

Compl. at 15.

In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010).  To that end, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law.  *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  A private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009).  In order to state a claim against a

private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Here, plaintiffs states that the officers ordered Campbell, J.E.W., and Jones out of the residence "with the direction of MK Property Managements, LLC, Karen Schmitt, Joseph Wolf, Mike Herder, the Bank of New York Mellon Trust Company, N.A., Millsap & Singer, LLC, Reinker & Hamilton, Fenley, LLC . . . ." This conclusory allegation is not enough to state a plausible claim of a § 1983 violation against these private defendants. Plaintiffs do not allege any mutual understanding or meeting of the minds between these private parties and the officers. Instead, based on the complaint, it appears the officers were enforcing an order of the St. Louis County Court. This Court cannot hold private actors liable under § 1983 for actions taken by police officers pursuant to a court order.

Plaintiffs have stated no facts from which the Court could find the private party defendants liable for any alleged constitutional violations. For this reason, the Court will dismiss without prejudice all claims brought against the following defendants: Joseph Wolf, Karen Schmitt, MK Property Managements, LLC, Bank of New York Mellon Trust Company, N.A., Millsap & Singer, LLC, Reinker & Hamilton, Fenley, LLC, Charles Riske, and Robert Eggmann.

(5)     Judges Matthew Hearne and Bonnie L. Clair

St. Louis County Circuit Court Judge Matthew Hearne presides over plaintiffs' underlying unlawful detainer case. Federal Bankruptcy Court Judge Bonnie L. Clair presides over Jones's bankruptcy action. Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of

damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity applies even when the judge is accused of acting maliciously or corruptly.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").  Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Plaintiffs' allegations against Judges Hearne and Clair, although not entirely clear, relate to their actions taken in judicial proceedings.  Plaintiffs have not alleged these judges acted in the absence of any jurisdiction.  Therefore, no exception to judicial immunity is applicable.  *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012).  Because defendant Judges Hearne and Clair are immune from plaintiffs' action, the Court will dismiss them from this case.

(6)     Defendant Mark Harder

Plaintiffs list as a defendant Mark Harder, a St. Louis County Councilman.  The only mention of Harder in the complaint is in the following conclusory sentence: "I was illegally arrested and evicted out of my home . . . using the color of the law . . . with the direction of . . . M[ark] Harder." (Compl. at 15).  Plaintiffs have alleged no facts from which the Court could find any plausible claim for relief against Harder.  Plaintiffs do not allege Harder was involved in any underlying proceeding or that he was present or involved in the events at 319 Wild Horse Canyon Drive on July 20, 2021.  Even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin*, 623 F.2d at 1286.  Federal courts are not required to assume facts that are not alleged.  *Stone*, 364 F.3d at 914-15.  Because plaintiffs have made no factual allegations against Harder, they have failed to state a claim upon which relief may be granted.  The Court will dismiss without prejudice all claims brought against defendant Harder.

(7)     Defendant St. Louis County Police Department

Plaintiffs' claims against the St. Louis County Police Department must be dismissed. The St. Louis County Police Department is a department or subdivision of local government and not a juridical entity suable as such.  *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).  Because the St. Louis County Police Department is not a suable entity, the Court will dismiss all claims brought against it.

(8)     Defendant United States of America

Likewise, plaintiff's claims against the United States of America must be dismissed. "Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020); *see also Hinsley v. Standing Rock Child Protective Servs.*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent").  In order to sue the United States, a plaintiff must show a waiver of sovereign immunity.  *See V S Ltd. P'ship v. Dep't of Housing and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).  Such a waiver must be unequivocally expressed and cannot be implied. *See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999).

Plaintiffs have not shown any waiver of sovereign immunity, and their claims against the United States of America will be dismissed.

(9)     Police Officers Tim Ware, Steve DeGhelder, and Unknown Brown

As to plaintiffs' allegations against Officers Ware, DeGhelder, and Brown, plaintiffs have

not alleged whether they are suing these officers in their individual capacities, official capacities, or

both.  A plaintiff can bring a § 1983 claim against a public official acting in his or her official

capacity, his or her individual capacity, or both.  *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

If a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the

complaint is interpreted as including only official capacity claims.  *Id.*; *see also Johnson v. Outboard*

*Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her

individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings,

otherwise, it will be assumed that the defendant is sued only in his or her official capacity").

In an official capacity claim against an individual, the claim is actually "against the

governmental entity itself."  *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a

"suit against a public employee in his or her official capacity is merely a suit against the public

employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also*

*Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit

against sheriff and his deputy "must be treated as a suit against the County").  To prevail on this

type of claim, plaintiffs must establish the governmental entity's liability for the alleged conduct.

*Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).  Such liability may attach if the

constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or

(3) a deliberately indifferent failure to train or supervise."  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th

Cir. 2018).

Plaintiffs have not established any governmental entity's liability for any of the alleged

conduct.  As a result, the complaint fails to state a claim upon which relief can be granted against

defendant Officers Ware, DeGhelder, and Brown in their official capacities, and these claims are

subject to dismissal.  Because it is plausible that plaintiffs might be able to state claims of constitutional violations against Officers Ware, DeGhelder, and Brown in their individual capacities, the Court will not dismiss the case entirely at this time.  Instead, the Court will give plaintiffs the opportunity to file an amended complaint to allege their claims against these officers in their individual capacities.

Plaintiffs shall have twenty-one days from the date of this Memorandum and Order to file an amended complaint on a Court-provided form.  Plaintiffs are warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiffs fail to file an amended complaint on a Court-provided form within twenty-one days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Johnie Frank Jones, Rozina Rhonda Jones Williams, J.E.W., IV, and Maurice Campbell's motions for leave to proceed in the district court without prepaying fees and costs are **GRANTED**.  [ECF Nos. 2-5]

**IT IS FURTHER ORDERED** plaintiffs J.E.W., IV and Smite the Blight Community Church are **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiffs' complaint against defendants Joseph Wolf, Karen Schmitt, MK Property Managements, LLC, Bank of New York Mellon Trust Company, N.A., St. Louis County Police Department, Matthew Hearne, Mark Harder, Millsap & Singer, LLC, Reinker & Hamilton, Fenley, LLC, Bonnie L. Clair, Charles Riske, United States of America, and Robert E. Eggmann are **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiffs' complaint against defendants Tim Ware, Steve DeGhelder, and Unknown Brown brought in their official capacities are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that plaintiffs Johnie Frank Jones, Rozina Rhonda Jones Williams, and Maurice Campbell shall have twenty-one (21) days from the date of this Memorandum and Order to submit an amended complaint on a Court-provided form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiffs a Civil Complaint form (No. MOED-0032).

**IT IS FURTHER ORDERED** that if plaintiffs do not file an amended complaint on a Court-provided form by **December 31, 2021**, this case will be dismissed without prejudice without further notice to plaintiffs.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 10th day of December, 2021.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**