# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHNIE FRANK JONES, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:21-cv-1012-JMB |
| ) | |
| TIM WARE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented plaintiffs Rozina Rhonda Jones Williams and Maurice Campbell's "request to file out time amended civil complaint due to COVID-19" and "request to file out time reconsideration/or an appeal." Because plaintiffs have not demonstrated excusable neglect and are still in violation of the Court's Order dated January 27, 2022 their motions will be denied. Furthermore, the amended complaint would not withstand a motion to dismiss pursuant to Federal Rule 12(b)(6) and, therefore, granting leave to amend would be futile.

## Background

On December 10, 2021, the Court conducted an initial review of plaintiff's complaint. On initial review, the Court dismissed without prejudice thirteen defendants and two plaintiffs, and ordered the remaining three plaintiffs to file an amended complaint. *See* ECF No. 8. Plaintiffs were instructed to file an "amended complaint to allege their claims against [Officers Ware, DeGhelder, and Brown] in their individual capacities." The Court cautioned that the amended complaint would replace the original complaint, and ordered that it be filed by December 31, 2021.

On December 30, 2021 and January 5, 2022, the Court granted plaintiffs' motions for extensions of time and ordered the amended complaint be filed by January 10, 2022. *See* ECF Nos 11 and 13. The Court stated that no further extensions of time would be granted in the absence of extraordinary circumstances. Plaintiffs did not file an amended complaint by January 10, 2022. Instead, on January 21, 2022, plaintiffs again filed a motion for extension of time.

On January 27, 2022, the Court granted plaintiffs' untimely motion for an extension of time.  In granting the motion, the Court considered that all documents the Court had mailed to plaintiffs since December 30, 2021 had been returned to the Court as "return to sender," "attempted – not known," and "unable to forward." The Court also considered that an unnamed plaintiff was "under the care of hospice." The Court ordered plaintiffs to file their amended complaint by February 11, 2022 and also to notify the Clerk of their change in address and telephone number pursuant to Local Rule 2.06(B). The Court stated that "**No further extensions of time will be granted.**" ECF No. 17 (emphasis in original).

Plaintiffs did not file their amended complaint or notify the Court of their change in address by February 11, 2022.  On February 15, 2022, the Court dismissed without prejudice plaintiffs' complaint for failure to comply with court order. *See* ECF No. 19. On that same date, plaintiffs filed an "answer to memorandum order" and an "amended complaint." The Court struck these two documents from the record as filed out of time and without leave of Court.  *See* ECF No. 23.

On March 7, 2022, plaintiffs filed the following: "Request to file out time amended civil complaint due to COVID-19" (ECF No. 28); motion for appointment of next friend (ECF No. 29); and "Request to file out time reconsideration/ or a[n] appeal" with attached notices of appeal (ECF No. 30). These motions are currently before the Court. Plaintiffs have not notified the Court of their change of address and telephone number as ordered on January 27, 2022.

**Discussion**

    A.    <u>Federal Rule of Civil Procedure 6(b)</u>

Federal Rule of Civil Procedure 6(b) governs late filings. Under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). This determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These include, "the danger of prejudice to the [non-moving party,] the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* "These four factors are not equally important; 'the excuse given for the late filing must have the greatest import' and 'will always be critical to the inquiry.'" *Treasurer, Trustees of Drury Indus., Inc. Health Care Plan and Tr. v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). "[E]xcusable neglect includes late filings caused by inadvertence, mistake or carelessness." *Id.* (quoting *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)).

Here, plaintiffs' late filing was not caused by inadvertence, mistake, or carelessness. They did not make any error in calculating the deadline or in attempting to comply with the deadline. Rather they state they missed the February 11, 2022 deadline because "hospitalization for COVID 19 was on January 19, 2022." Plaintiffs do not state who was hospitalized for COVID on January 19. Nor do they state the duration of the hospitalization. They also do not explain why hospitalization on January 19, 2022 caused them to miss a deadline of February 11, 2022. Plaintiffs provide no information from which the Court could find that they failed to act because of excusable

neglect. Because the Court is unable to find any excusable neglect caused plaintiffs' failure to timely file their amended complaint, the Court will deny plaintiffs' motion for leave to file out of time.

Furthermore, even if the Court were to grant plaintiffs leave to file an untimely amended complaint, plaintiffs would still be in violation of the Court's Order dated January 27, 2022. Plaintiffs have not complied with the Court's order to "promptly notify the Clerk and all other parties to the proceedings of any change in his or her address or telephone number" in accordance with Local Rule 2.06(B). *See* ECF No. 17. All documents the Court has mailed to plaintiffs since December 30, 2021 at their address of record, 319 Wild Horse Canyon Drive, Wildwood, Missouri 63005 have been returned to the Court marked "return to sender," "attempted – not known," and "unable to forward." Thus, even if the Court were to find excusable neglect in plaintiffs' failure to timely file their amended complaint, the case is still subject to dismissal for failure to comply with Court order. *See* Fed. R. Civ. P. 41(b).

        B.        The Proposed Amended Complaint

In addition, the Court has reviewed plaintiffs' proposed amended complaint and finds that granting plaintiffs leave to file the amended complaint would be futile.[1] Although a district court "should freely give leave [to amend] when justice so requires, Fed. R. Civ. P. 15(a)(2), plaintiffs do not enjoy an absolute or automatic right to amend a deficient . . . [c]omplaint." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (internal quotation omitted). "A district court may appropriately deny leave to amend where there are compelling

---

[1] Plaintiffs filed their proposed amended complaint on February 15, 2022 (ECF No. 22) but it was stricken for being untimely. Plaintiffs did not refile their proposed amended complaint with their motion for leave to file out-of-time their amended complaint. The Court maintained a copy of plaintiffs' proposed amended complaint, however, and will instruct the Clerk to attach it as an exhibit to this Memorandum and Order.

reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (internal quotations omitted). If a court denies leave on the basis of futility, "it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under [Federal] Rule 12(b)(6)." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) (citation omitted).

Here, the Court finds that allowing plaintiffs to file their amended complaint would be futile because it could not withstand a Rule 12(b)(6) motion to dismiss. Plaintiffs' amended complaint has renamed as parties the following fifteen individuals and entities that were previously dismissed by the Court: J.E.W. IV, Smite the Blight Community Church, Joseph Wolf, Karen Schmitt, MK Property Managements, LLC, The Bank of New York Mellon Trust Company, St. Louis County Police Department, Matthew Hearne, Mark Harder, Millsap & Singer, LLC, Reinker & Hamilton, Fenley, LLC, Bonnie L. Clair, Charles Riske, United States of America, and Robert E. Eggman. *See* ECF No. 8. These entities and parties have already been dismissed; granting plaintiffs leave to file an amended complaint against them would be futile.

As to the federal question at issue, plaintiffs cite the following:

> federal statutes an Act of Cares 2020-2021. Treat[y] with Comanche etc. 1836—see Exhibit A[. A]ll provision of the United State and the United States of America 1787. The Cares Act provision that protects consumers while this country is in a pandemic The specific statutes are listed in Attachment C Resolution adopted by general assembly exhibit B Absolute title fee simple Exhibit C

The exhibits attached to the proposed amended complaint are (A) Treaty With The Commanche, Etc., 1835; (B) Resolution adopted by the General Assembly 61/295. United Nations Declaration

on the rights of Indigenous Peoples; and (C) a Notice of Lis Pendens in Equity Action Aboriginal Title Fee Simple Absolute.

The proposed amended complaint contains two separate Statement of Claim sections. In one, plaintiffs states:

> Judge Bonnie L. Clair denied me aboriginal indigenous woman to state my claim as insured party and certify my rights to subjugation, Bonnie L. Clair also denied me my natural born right as bloodline to the land and heir to my father's estate and beneficiary [illegible] as attorney in fact to aide and assist as a family member and durable power of attorney of my fathers estate. II Causing the defendants atrocious acts to use deadly force to robbed me and my family of our land, home, church, business, estate, inheritance, bonds, trusts, and kidnapping me a use [illegible] robbery to steal my phones and all my household goods and appliances. The defendants failed to honor the consumer protection laws of the land failed to protect me from fraudulent creditor who have no claim not contract with me. I was denied the right of being a church a temple of the living god and the right to my bloodline and my tribe."

In the second Statement of Claim, plaintiff states:

> United States of America, conspired against Plaintiff with [illegible] (1) I was illegally arrested and evicted out of my home and my father Johnie F. Jones was violated by deadly force of Joseph Wolf using the color of the law to have AR 15 pulled a disabled veteran and my 13 year old son [J.E.W.] and my fiancé Maurice Campbell illegally handcuffed and violated by the City of Wildwood [precinct] and St. Louis Co. with the direction of MK Property Managements, LLC, Karen Schmitt, Joseph Wolf, Mike Herder, the Bank of New York Mellon Trust Company, N.A. et al., Millsap & Singer, LLC. Reinker & Hamilton, Fenley, LLC. Matthew [Hearne.] (2) This happen June 30, 2021 when Judge Matthew [Hearne] was given notice of 319 Wild Horse Canyon Dr. St. Louis being placed in a chapter 7 Bankruptcy on June 1, 200[] and Judge Matthew Hearne ignored the automatic stay and allowed a Temporary Restraining Order hearing to proceed with notice of Bankruptcy case 21-42104, and without notice of plaintiff (3) Happen in St. Louis county, and Wildwood at my home (4) The injuries are irreparable. The lost of rights and the emotional stress to our health, psychological, and physical properly loss.

Following these two Statements of Claim, plaintiffs attach three pages of handwritten stream-of-consciousness narrations that appear to relate to events that occurred on June 30, 2021.

The proposed amended complaint violates Federal Rules 8 and 10 as it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief; it does not state its claim in numbered paragraphs, each limited as far as practicable to a single set of circumstances; and it contains baseless jurisdictional grounds. Additionally, many of plaintiffs' claims lack an arguable basis in law or in fact and are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, at 32-33 (1992). Thus, the Court finds that allowing plaintiff to file the proposed amended complaint would be futile because the amended complaint does not cure the inadequacies of the dismissed complaint, is in violation of the Federal Rules, and contains meritless legal arguments and conclusions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' "request to file out of time amended civil complaint due to COVID-19" and "request to file out time reconsideration/ or an appeal" are **DENIED**. [ECF Nos. 28 and 30]

**IT IS FURTHER ORDERED** that plaintiffs' motion for appointment of next friend is **DENIED**. [ECF No. 29]

**IT IS FURTHER ORDERED** that the Clerk of Court shall attach to this Memorandum and Order a copy of plaintiffs' proposed amended complaint filed February 15, 2022 (ECF No. 22) and stricken from the record on February 17, 2022 (ECF No. 23).

Dated this 22nd day of April, 2022.

*Ronnie L. White*
_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE